JAMES, J.,
dissenting:
¶ 39. I respectfully disagree with the decision of the majority, and I would reverse the decision of the Commission, because the record shows that it is not supported by substantial evidence.
¶ 40. Kittrell’s accident was corroborated by two eyewitnesses along with all of his medical records. Kittrell’s accident was not contradicted, but rather Hancock denied that the accident happened. Hancock initially denied that Kittrell had an injury. Hancock also did not keep a workers’ compensation notice posted as required by Mississippi Code Annotated section 71-3-35 (Rev. 2011), and yet Hancock complained about notice. The accident report used as an exhibit was not a workers’ compensation accident report, but rather it was a report used for OSHA compliance.
¶ 41. The Court will only reverse the Commission’s judgment where its findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision is arbitrary and capricious. Waffle House, Inc. v. Allam, 976 So.2d 919, 921 (¶ 7) (Miss.Ct.App.2007). We have also stated that “[wjhere no evidence or only a scintilla of evidence supports a ... decision, this Court does not hesitate to reverse.” Foamex Prods., Inc. v. Simons, 822 So.2d 1050, 1053 (¶ 11) (Miss.Ct.App.2002). In workers’ compensation cases, the interpretation of facts is to be liberally construed in favor of the injured worker. Spann v. Wal-Mart Stores Inc. 700 So.2d 308, 313 (¶ 24) (Miss.1997). For the reasons stated above, I would reverse the decision of the Commission.